**Fred M. BROWN, Plaintiff,**

v.

**SHEARSON HAYDEN STONE, INC., and Shearson Loeb Rhoades, Inc., its successor, Defendants.**

**No. 80–432–CIV–EPS.**

United States District Court, S. D. Florida, Miami Division.

April 21, 1982.

Richard H. Critchlow, Miami, Fla., for plaintiff.

Robert M. Sondak, Miami, Fla., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REINSTATE COUNTS II AND III OF THE AMENDED COMPLAINT AND DENYING MOTION TO DISMISS AMENDED COUNTERCLAIM

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiff's Motion to Reinstate Counts II and III of Plaintiff's Amended Complaint and on Plaintiff's Motion to Dismiss Amended Counterclaim. Having reviewed the record and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that in accordance with our ORDER of October 6,

1981, Plaintiff's Motion to Reinstate Counts II and III of the Amended Complaint be GRANTED, and that the Motion to Dismiss the Amended Counterclaim be DENIED.

With regard to the Motion to Dismiss Amended Counterclaim, the Court finds that there are two issues to be considered:

1) Whether Defendant has standing to bring this action?

2) Whether the Counterclaim is compulsory or permissive?

## BACKGROUND

The amended Complaint in this action asserts that Defendant through Mr. Goldman, an employee of Defendant, allegedly acting "within the course and scope of his employment" with and within the usual course of business of Defendant made various alleged misrepresentations to Plaintiff. These misrepresentations were made allegedly by and through the use of the means and instrumentalities of interstate commerce specifically by use of the telephone. Plaintiff claims that the alleged misrepresentations constitute violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. The Defendant by his counterclaim alleges that these very same telephone conversations were intercepted and recorded by Plaintiff, in violation of Chapter 934, Florida Statutes.

## STANDING

Defendant (counterplaintiff) claims that it has standing. This claim has been attacked by Plaintiff on several grounds. First, Plaintiff argues that the personal right of privacy lies with Mr. Goldman and not the Defendant. Second, even if the communications are deemed to be between Defendant and Plaintiff, the Defendant has no cause of action because the sphere of privacy of a corporation, if any, is not as extensive as that of an individual.

■ The statute in question here states "any person whose wire or oral communication is intercepted . . . in violation of this chapter shall have a civil cause of action against any person who intercepts . . . such communications . . ." Fla.Stat. § 934.10.

The term "person" is defined in Fla.Stat. § 934.02(5) to include a corporation:

'Person' means any employee or agent of the state or political subdivision thereof and any individual, partnership . . . or corporation.

Furthermore, our order of October 6, 1981, expressly stated it was unclear whether Defendant has a cause of action for the interception and recording of conversations with Goldman absent allegations that Goldman was an agent of Defendant acting within the scope of his employment at the time the recordings were made. In the Amended Counterclaim (¶ 3), Defendant has included the requested allegation. Therefore, this Court finds that the corporation has standing.

## COMPULSORY OR PERMISSIVE

Pursuant to Fed.R.Civ.P. 13(a):

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

In *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1358 (5th Cir. 1979), the court explained the circumstances under which a counterclaim is compulsory. The case involved a Debtor who brought an action under the Truth in Lending Act and the creditor filed a counterclaim to recover under the underlying debt. The Fifth Circuit held the claim on the underlying debt in default was a compulsory counterclaim. In determining whether a counterclaim is compulsory, the Fifth Circuit noted that four tests have been suggested to further define when a claim and counterclaim arise from the same transaction:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory rule?

3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?

*Id.* at 1360 (citing 6 Wright & Miller, *Federal Practice and Procedure* § 1410 at 42 (1971). The logical relationship test is the one most often used by the Fifth Circuit. The hallmark of the logical relationship test is its flexibility. *Id.* The logical relationship test is satisfied:

When the counterclaim arises from the same "aggregate of operative facts" in that the same operative facts serve as the basis for both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.*

As applied to this case, Defendant's Complaint asserts that an employee of Defendant, allegedly acting "within the course and scope of his employment with Defendant" made various alleged misrepresentations to Plaintiff by the use of the means and instrumentalities of interstate commerce (presumably on the telephone). These misrepresentations are alleged to constitute violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. The Amended Counterclaim alleges that these very same telephone conversations were intercepted and recorded by Plaintiff in violation of Chapter 934, Florida Statutes. Therefore, the telephone conversations may very well be viewed as the same core of operative facts upon which the claims rest. Moreover, the Defendant has indicated that it will assert the defense of unclean hands, and that this defense will consist largely of the same proof as required to establish the violations in the counterclaim. In fact, even if the Court did not have the counterclaim before it, all the same proof which would establish the validity of the counterclaim will be presented at trial by Defendant. Based on the above reasoning, this Court finds the counterclaim is compulsory. Therefore, this Court denies the Motion to Dismiss the Amended Counterclaim.